UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| REX D. WINTER,<br>    4713 Dolphin Lane<br>    Alexandria, VA 22309<br><br>                        Plaintiff,<br><br>v.<br><br>THE PNC FINANCIAL SERVICES,<br>GROUP, INC.<br>    The Tower at PNC Plaza<br>    300 5th Ave.,<br>    Pittsburgh, PA 15222<br>                        Defendant. | Case No.  1:21-cv-00826<br><br>(JUDGE _____ )<br><br>Removed from Superior Court of the District of Columbia, Case No. 2021-CA-000803 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendant PNC Bank, N.A. ("PNC" or "Defendant"), incorrectly named in the caption as The PNC Financial Services Group, Inc., appearing specially to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, hereby gives notice of removal of this action from the Superior Court of the District of Columbia to the District Court for the District of Columbia.  In support of this Notice of Removal, PNC states as follows:

### I.     THE COMPLAINT AND STATE COURT PROCEEDINGS

1.     On March 15, 2021, Plaintiff Rex D. Winter ("Plaintiff") filed a complaint captioned *Rex D. Winter v. The PNC Financial Services Group, Inc.*, Case No. 2021-CA-000803, against PNC, in the Superior Court of the District of Columbia ("State Court Action").  Plaintiff made a demand for a jury trial.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the summons and complaint in the State Court Action are attached as **Exhibit A**.

2.     In the Complaint, Plaintiff alleges PNC violated the D.C. Consumer Protection Act and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), among other state

law causes of action. (*See, generally*, Ex. A). Plaintiff seeks actual damages, emotional damages, punitive damages, treble damages, attorney's fees, and court costs.  *See* **Exhibit A**, p. 28 and 34.

3. PNC disputes Plaintiff's allegations, and denies Plaintiff has been harmed by PNC in any way.

4. PNC has not yet been properly served with a copy of the State Court Action Summons and Complaint.  However, PNC received a copy of the Summons and Complaint from Plaintiff via mail on March 16, 2021, which was simply addressed to PNC, as opposed to an officer or designated agent. *Lemma v. Hispanic Nat'l Bar Ass'n*, 318 F. Supp. 3d 21, 26 (D.D.C. June 29, 2018) ("service of process is invalid when the plaintiff sends a summons and complaint by certified mail to a defendant's offices but the mail is signed for by a secretary, receptionist, or other individual not specifically authorized to accept service of process.").

5. March 16, 2021 is the first date upon which PNC had actual notice of the pending action.  Therefore, this Notice of Removal is being filed within 30 days of PNC's receipt of the State Court Action and is therefore timely under 28 U.S.C. § 1446(b).

6. To date, PNC has not filed an appearance or responsive pleading in the State Court Action.

7. No further proceedings have been had in the State Court Action in relation to Plaintiff's Complaint; however, a hearing on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction is set for March 30, 2021 at 9:30 A.M.

## II. PNC SATISFIES THE PROCEDURAL REQUIREMENTS FOR REMOVAL

8. Removal is proper under 28 U.S.C. § 1441(a), which provides that civil actions over which "the district courts of the United States have original jurisdiction" may be removed to the district court "for the district and division embracing the place where such an action is

pending." Because there exists federal question jurisdiction, complete diversity of citizenship, and the amount in controversy exceeds $75,000, removal is proper under 28 U.S.C. § 1441(a).

9. PNC received a copy of the Summons and Complaint from Plaintiff on March 16, 2021.

10. PNC has filed this Notice of Removal within 30 days of receipt. *See* 28 U.S.C. § 1446(b).

11. Generally, all defendants who have been properly joined and served must join in or consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A). Because PNC is the only named defendant, this requirement is satisfied.

12. Venue in this Court is proper because this is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); 28 U.S.C. § 88(a)(2).

13. No previous notice of removal has been filed in this case.

14. PNC has filed this Notice of Removal with this Court, and this day will also give written notice of this removal to *Pro Se* Plaintiff, as well as file a copy of this Notice with the Clerk of Superior Court of the District of Columbia in a form attached as **Exhibit B**, which shall effect removal and the State Court Action shall proceed no further. A copy of the state court docket as of March 26, 2021 is attached as **Exhibit C**.

### III.   BASIS FOR REMOVAL

#### A.   Diversity Jurisdiction

15. 28 U.S.C. § 1332(a) gives district courts original jurisdiction over civil actions where the matter in controversy exceeds $75,000, and is between citizens of different States.

16. Plaintiff Rex D. Winter was and remains a citizen of the State of Virginia. *See* **Exhibit A**, Compl. at ¶ 2.

17. PNC, both at the time of filing of the state court civil action and as of the date of filing this Notice, was and is a national banking association and a citizen of Delaware, which

Case 1:21-cv-00826-TSC   Document 1   Filed 03/26/21   Page 4 of 5

PNC's articles of association designate as the location of PNC's main office. 28 U.S.C. § 1348; *see also*, *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006). PNC is not now, nor has it been, a citizen of the State of Virginia within the meaning of the Acts of Congress   As such, there is complete diversity of citizenship among the parties pursuant to 28 U.S.C. § 1332 from the date of the state action's filing to the present.

18. Pleading claims related to the alleged improper termination of his bank accounts, the Complaint seeks damages in excess of $25,000, as well as treble damages, attorney's fees, and court costs. Specifically, here, Plaintiff states a claim under the Consumer Protection Act, which if successful provides for treble damages and attorney's fees. D.C. Code § 28-3905(k)(2)(A)(i). Thus, while PNC contends the allegations in Plaintiff's Complaint are without merit, the amount in controversy exceeds $75,000. *Byrd v. Admiral Moving & Storage*, Civil Action No. 04-1420 (AK), 2006 U.S. Dist. LEXIS 113228, at *11 n.9 (D.D.C. Mar. 30, 2006) (treble damages considered when calculating amount in controversy under Consumer Protection Act). Coupled with complete diversity, that amount in controversy unlocks diversity jurisdiction.

### B.     Federal Question Jurisdiction

19. Plaintiff's Complaint also invokes this Court's federal question jurisdiction as Plaintiff has asserted a cause of action under the ADA, 42 U.S.C. § 12101 *et seq.*

20. The entire suit, including Plaintiff's state law claims, are removable under 28 U.S.C. §1441, as this Court may exercise its supplemental jurisdiction over those state law claims.

21. Accordingly, PNC can also remove based upon the Court's federal question jurisdiction through 28 U.S.C. §1331.

WHEREFORE, PNC removes this action, now pending in the Superior Court for the District Court of Columbia to this Court.

Respectfully submitted,

*/s/ William A. Sherman, II*
William A. Sherman, II (#18028)
DINSMORE & SHOHL LLP
801 Pennsylvania Avenue, NW,
Suite 610
Washington, DC 20004
Tel:  (202) 372-9100
E: william.sherman@dinsmore.com

***Counsel for PNC Bank, N.A.***

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing **Notice of Removal** was filed via Pacer and served upon *pro se* Plaintiff via FedEx on March 26, 2021.

Rex D. Winter (*Pro Se*)
4713 Dolphin Lane
Alexandria, VA 22309

*/s/ Sunni R. Harris*
Sunni R. Harris