# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **REX D. WINTER**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-cv-826 (TSC) |
| | ) | |
| **PNC FINANCIAL SERVICES GROUP, INC.**, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

*Pro se* Plaintiff Rex D. Winter filed this action in District of Columbia Superior Court naming PNC Financial Services Group, Incorporated as the defendant. Compl. ECF No. 1-1. Winter alleged that PNC violated District of Columbia law and the Americans with Disabilities Act by refusing to release or transfer his funds electronically and requiring that he withdraw funds in person during the height of the Covid pandemic. PNC removed the action to this court.

Along with his Complaint, Winter filed a motion for a temporary restraining order, but this court denied the motion because Winter, *inter alia*, failed to establish that he faced irreparable harm due to PNC's alleged conduct. ECF No. 2; 4/15/21 Min. Order. PNC moved to dismiss, ECF No. 6, and this court ordered Winter to respond by May 7, 2021, warning him that the court might treat the motion, as well as any arguments raised therein as conceded if he failed to file a timely response. ECF No. 7.

In his response, which was filed late, Winter stated that he had sued the corporate entity named in his banking documents but he did not dispute that he had

named the wrong corporate entity. He did not address PNC's remaining arguments. ECF No. 9 at 1. Instead, he moved for leave to file an amended complaint, but did not provide a copy of a proposed amended pleading or explain the nature of any proposed amendments. *See* ECF Nos. 9, 16.

Given Winter's concession that he sued the wrong entity, and his failure to respond to PNC's other arguments, the court will grant PNC's motion. *See* Local Civil Rule 7(b).

The court will deny Winter's motion to amend because he did not comply with Local Civil Rule 7(i), which provides that "[a] motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleading as amended." While leave to amend a complaint should be freely given, *Foman v. Davis*, 371 U.S. 178, 182 (1962), the court is unable to assess Winter's proposed amendments because he has not provided an amended pleading. Winter is a licensed attorney, Compl. ¶ 132, and he has not explained his failure to comply with Rule 7(i). Indeed, PNC raised the issue of Winter's Rule 7 violation in its reply brief on May 21, 2021, but Winter did not seek leave to remedy this violation. Accordingly, the court will dismiss this action without prejudice.

Date: July 9, 2021

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge